IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| JOE BELMAREZ,<br><br>Plaintiff,<br><br>-vs-<br><br>STATE OF MONTANA, CITY OF BILLINGS, MONTANA RAIL LINK, BNSF RAILWAY COMPANY AND JOHN DOES 1 THROUGH 10,<br><br>Defendants. | Case No. CV-10-127-BLG-RFC<br><br><br>ORDER |
|---|---|

Currently pending before the Court is Plaintiff Joe Belmarez's Motion for Remand, costs and attorneys' fees. *Doc. 13*.

FACTUAL BACKGROUND

Belmarez alleges injuries arising from a slip and fall accident while crossing the pedestrian walkway at the railroad intersection at 27th Street in Billings,

Montana. On April 7, 2010, Belmarez brought suit in the Montana's Thirteenth Judicial District Court, Yellowstone County against Defendants State of Montana, City of Billings, Montana Rail Link, and BNSF Railway Company. Defendants BNSF, MRL, and City of Billings filed answers and although they did not themselves seek removal, the State of Montana certifies they have consented to removal.

As to the State of Montana, Belmarez served a summons and complaint on the Director of the Department of Administration on August 13, 2010.[1] On August 24, 2010, Special Assistant Attorney General for the State of Montana Michael King wrote Belmarez's attorney an informed him that:

> Legal counsel for the Director of the Department of Administration has forwarded to my office the summons and complaint that was served on him on August 13, 2010. However, it appears that you have not accomplished service on the State of Montana by serving both the Attorney General's Office and the Director of the Department of Administration as required by MCA §2-9-313. Accordingly, if you provide me with an acknowledgment of service for the Attorney General in compliance with Rule 4D(1)(b)(I), I will acknowledge service on its behalf and thereafter appear on the State's behalf.[2]

In response to King's letter, on September 3, 2010, Belmarez's attorney wrote a letter back to King stating that,

> Enclosed is a Notice and Acknowledgment of Service by Mail, a copy of the Notice, a copy of the Complaint and a copy of the Summons. Would you

---

[1] *PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMAND*, Doc.# 14-2.

[2] *Id.*, Doc. # 14-3.

please execute this on behalf of the Attorney General and return the original Notice to this office.  Thank you for your courtesies.[3]

The State of Montana filed its Notice of Removal with this Court on October 13, 2010.[4]  For the following reasons, the Court concludes Belmarez's Motion for Remand must be granted.

## DISCUSSION

Title 28 U.S.C. § l44l(a) governs removal in cases such as this where federal jurisdiction is based on diversity of citizenship and states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The removal statute is construed strictly against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Accordingly, any doubt about the propriety of removal requires remand.  *Id.* This strong presumption against removal places the burden of establishing removal jurisdiction on the defendant.  *Id*.

Belmarez argues the removal in this case was improper because (1) the State of Montana's Notice of Removal is untimely and (2) Plaintiff's Complaint does not invoke federal jurisdiction.

---

[3]*Id., Doc. # 14-4.*

[4]*Doc. # 1.*

Looking first at the untimeliness argument, Belmarez contends the State of Montana failed to timely file its removal notice, pursuant to 28 U.S.C. § 1446(b), which provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Mont. Code Ann. § 2-9-313 directs that "[i]n all actions against the state arising under this chapter, the state must be named the defendant and the summons and complaint must be served on the director of the department of administration in addition to service required by Rule 4D(2)(h), M.R.Civ.P." Rule 4D(2)(h) requires that, when serving the State, a copy of the summons and the complaint shall be served on the attorney general.

In the instant case, the record reflects that service was made on the Montana Director of the Department of Administration on August 13, 2010. This service was acknowledged by Defendant State of Montana's attorney Michael King in his August 24, 2010 letter to Belmarez's counsel. In addition, pursuant to King's request in that same letter, Belmarez delivered to King, on September 6, 2010, a Notice and Acknowledgment of Service by mail, a copy of the Notice, a copy of the Complaint and a copy of the Summons.

A suit must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable. *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 782 (9th Cir.1994); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989). "If the case is removable from the outset, it must be removed within the thirty-day period specified by § 1446(b) . . ." *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D.Cal.1989).

As such, based on the undisputed record, the State of Montana had, under 28 U.S.C. § 1446(b), thirty days from September 6, 2010 to file a Notice of Removal with this Court.  Other than conclusory statements in its opposition brief, the State of Montana presents no evidence that it removed the case within the allowed thirty-day period.  The Court does note that in its Notice of Removal, the State of Montana asserted that the Montana Attorney General "acknowledged service on September 23, 2010."[5]  If that were the case, the Notice of Removal motion would be timely.  However, the State of Montana's assertion and its conclusory statements of timeliness are not supported by the record.  Moreover, any alleged infirmities regarding service on the Montana Attorney General's Office is waived by the State's letter to Belmarez's attorney agreeing to "appear on the State's behalf" once Belmarez provides an acknowledgment of service.

---

[5]*NOTICE OF REMOVAL, p. 2.*

Having failed to meet this procedural hurdle, the Court concludes that it need not reach the State'ss substantive arguments that Belmarez's Complaint raises a federal question that justifies removal.  Therefore, having concluded that the Notice of Removal was improper, the appropriate remedy is to grant Belmarez's Motion for Remand.

Having so concluded, the Court must now determine whether Plaintiff is entitled to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that the standard for awarding fees turns on the reasonableness of the removal: "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The converse is also true; fees should be denied when there was an objectively reasonable basis for removal.  *Id.* The trial court retains discretion to determine whether unusual circumstances warrant a departure from the rule in a given case. *Id.*

Although this Court concludes that the State of Montana did not timely seek removal, given the close proximity between the missed deadline and when Defendant did in fact seek removal, this Court concludes that it did have an objectively reasonable belief that it had timely filed.

Moreover, after a review of Defendant State of Montana's grounds for removal, that the United States rather than the State of Montana have a reversionary interest in the 27th street railroad crossing, it was not objectively unreasonable.  Moreover, this ground is both disputed and substantial to the State of Montana's potential exposure to liability in this case.  As such, this Court finds that Montana's removal was not a "method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140.  Accordingly, Plaintiff's request for costs and any actual expenses, including attorney fees, incurred as a result of the removal is DENIED.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1)   Plaintiffs' Motion to Remand (Doc. # 13) is GRANTED.

(2)   Plaintiff's Request for Costs and Attorneys' fees is DENIED.

(3)   The Clerk of Court is directed to remand this case to Montana's Thirteenth Judicial District Court, Yellowstone County.

DATED this 24th day of January, 2011.

       /s/ Richard F. Cebull
       RICHARD F. CEBULL
       U. S. DISTRICT JUDGE