# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JOE BELMAREZ,<br><br>Plaintiff,<br><br>-vs-<br><br>STATE OF MONTANA, CITY OF BILLINGS, MONTANA RAIL LINK, BNSF RAILWAY COMPANY AND JOHN DOES 1 THROUGH 10,<br><br>Defendants. | Case No. CV-10-127-BLG-RFC<br><br><br><br>ORDER |

Pending before the Court is Defendant State of Montana's Motion for Relief from Order pursuant to Rule 60(b)(1) (*doc. 21*) from this Court's prior Order granting Plaintiff's Motion for Remand (*doc. 19*). After review and consideration, the Defendant's Motion must be denied.

Relying on *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), Defendant contends that the thirty-day removal period does not begin to run until the defendant has been served. Under Mont. Code Ann. § 2-9-313, "in all actions against the state arising under this chapter, the state must be named the

defendant and the summons and complaint must be served on the director of the department of administration in addition to service required by Rule 4D(2)(h), M.R.Civ.P." Rule 4D(2)(h) requires that, when serving the State, a copy of the summons and the complaint shall be served on the Attorney General.

The record reflects that Plaintiff properly served the Defendant's Director of the Department of Administration on August 13, 2010. As to service on the Attorney General, any alleged infirmities were waived by Defendant attorney's letter to Plaintiff's attorney agreeing to "appear on the State's behalf" once Plaintiff provided an acknowledgment of service which was received by Defendant on September 3, 2010. Consequently, this Court concludes that relief from its prior Order is not appropriate in the instant case.

Moreover, an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir.1988); *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180 (9th Cir.1989); *see also Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 312 (2d Cir.2005). Accordingly, this Court lacks authority to reconsider its remand Order.

For those reasons, IT IS HEREBY ORDERED that Defendant State of Montana's Motion for Relief (*Doc. 21*) from Order pursuant to Rule 60(b)(1) is DENIED.

The Clerk of Court shall notify the Parties of the entry of this Order.

DATED this 21st day of April, 2011.

*/s/ Richard F. Cebull*
RICHARD F. CEBULL
U. S. DISTRICT JUDGE